IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| In re Bausch & Lomb Inc. Contacts Lens | ) | |
| Solution Products Liability Litigation | ) | |
| | ) | MDL No. 1785 |
| | ) | |
| *This order relates to:* | ) | C/A No. 2:06-MN-77777-DCN |
| | ) | |
| Case Nos. 2:08-CV-2916-DCN; | ) | |
| 2:09-CV-1848-DCN; 2:08-CV-1959-DCN; | ) | **ORDER** |
| 2:09-CV-1877-DCN; 2:07-CV-4071-DCN. | ) | |
| | ) | |

This matter is currently before the court on Bausch & Lomb's motion for summary judgment on all claims and causes of action asserted against it by plaintiffs Phillip Battistone, Cynthia Bertka, Kiavash Kiandoust, Shawn Sexton, and David Simmons (the "remaining non-*Fusarium* plaintiffs"), who are non-*Fusarium* plaintiffs inadvertently excluded from Bausch & Lomb's original motion for summary judgment. Bausch & Lomb filed this motion on March 31, 2010, and none of the remaining non-*Fusarium* plaintiffs responded to the motion.

In its February 17, 2010 order granting summary judgment in favor of Bausch & Lomb as to nearly all non-*Fusarium* plaintiffs, the court noted that plaintiffs would be required to prove that Bausch and Lomb's ReNu with MoistureLoc caused the eye infections they experienced. Order at 3. As the court observed, causation can be divided into general causation and specific causation, with proof of general causation being a prerequisite to proving specific causation. Id. at 3-4. Because the court had previously excluded the testimony of Dr. Elisabeth Cohen, plaintiffs' only general causation expert, the court ruled that most non-*Fusarium* plaintiffs' claims could not survive and granted

Bausch & Lomb's summary judgment motion as to those non-*Fusarium* plaintiffs. Id. at 4-5.

The court has thoroughly reviewed Bausch & Lomb's written submission on the current motion, as well as the substantive law controlling the remaining non-*Fusarium* plaintiffs' cases. The court sees no distinguishing factors in these cases that would lead to a different result here than the court reached in its February 17, 2010 order. Moreover, none of the remaining non-*Fusarium* plaintiffs affected by Bausch & Lomb's current summary judgment motion has filed a response. Accordingly, for these reasons and the reasons stated in its February 17, 2010 order, the court **GRANTS** Bausch & Lomb's motion for summary judgment on all claims and causes of action asserted against it by the remaining non-*Fusarium* plaintiffs.

    **AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**May 24, 2010**
**Charleston, South Carolina**